

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2005

# In Re: Corliss

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4394

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Corliss " (2005). *2005 Decisions*. Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4394
_____

IN RE: JUSTIN M. CORLISS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 03-cv-02201)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
November 4, 2005
Before:  CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES.
Filed: December 12, 2005
_____

OPINION
_____

PER CURIAM.

Pro se petitioner Justin M. Corliss seeks a writ of mandamus to compel the

United States District Court for the Middle District of Pennsylvania to act on his motions

filed in his habeas corpus proceedings.  Specifically, in May 2005, Corliss filed a motion

to reconsider the District Court's April 26, 2005 order denying habeas relief, as well as a

motion seeking the District Judge's recusal.  Stating that the matters remained

1

unresolved, Corliss submitted a mandamus petition in September 2005.

Corliss's motion for reconsideration and recusal motion were pending at the time this mandamus petition was filed. However, on September 23, 2005, the District Court denied both motions. Thus, the matter before us is now moot. To the extent that Corliss seeks relief relating to the merits of the claims raised in his habeas petition, mandamus is not an alternative to an appeal. In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) ("a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal").

We note that Corliss refers to the mandamus action that he previously filed in this Court, docketed at C.A. No. 05-1895, in which he sought to compel the District Court to rule on his then-pending habeas petition. When that mandamus request became moot upon the District Court's denial of habeas relief, Corliss requested a refund of his filing fee. We denied the refund request in our May 31, 2005 order. In his current mandamus petition, Corliss again seeks reimbursement of the previously-paid filing fee. We again deny this request.

We will deny the petition for a writ of mandamus.